# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **BETTY R. SHIPLEY,** )<br>   )<br>   **Plaintiff,** )<br>   )<br>**vs.** )<br>   )<br>**HELPING HANDS THERAPY,** *et al.*, )<br>   )<br>   )<br>   **Defendants.** ) | **CIVIL ACTION NO. 18-0437-CG-B** |

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand.  The Magistrate Judge has entered a Report and Recommendation recommending that Plaintiff's motion be denied, to which Plaintiff has filed an Objection. (Doc. 42). After review of the relevant pleadings, the undersigned finds Plaintiff's objection compelling, in part.  As such, for the reasons set forth herein below, Plaintiff's Motion to Remand is GRANTED.

## BACKGROUND[1]

Plaintiff, Bettye R.  Shipley ("Shipley" or "Plaintiff"), commenced this action on October 12, 2017, in the Circuit Court of Hale County, Alabama.  (Doc. 1-1at 3). In her complaint, Shipley names as Defendants Helping Hands Therapy/Greensboro Out-Patient Clinic and Sarah Beaugez, PT. (*Id.*).  Shipley asserts that she had a left

---

[1] For the sake of judicial economy, the information provided in the Background and Standard of Review is repeated from Magistrate Judge Bivins' Report and Recommendation and is only updated to include Plaintiff's objection (Doc. 42) and the undersigned's analysis of the same.

knee replacement and underwent prescribed physical therapy with Helping Hands
Therapy, located in Greensboro, Alabama, to regain strength and range of motion in
her left knee. Shipley contends that, on September 8, 2016, Defendant Sarah
Beaugez, a physical therapist with Helping Hands Therapy, forced her leg to bend
to fourteen degrees beyond her tolerance, and in so doing, caused her left knee
replacement to fail. (*Id*. at 3-4)  Shipley contends that she was unable to walk or do
anything for two weeks, that she is unable to walk properly and needs another
surgery, that she is in constant pain and  requires daily pain medication, and that
she must use a wheel chair and a riding buggy in order to get around places such as
the grocery store. (*Id*.). Shipley asserts that Beaugez acted negligently and with
wantonness, and seeks compensatory and punitive damages. (*Id*.)

On October 11, 2018, New Hope LLC d/b/a Helping Hands
Therapy/Greensboro Out-patient Clinic filed a Notice of Removal. (Doc. 1)  On the
same date, Defendant Beaugez filed a notice of consent and joinder in the removal.
(Doc. 3)  Defendants assert the existence of complete diversity because Shipley is a
resident of Alabama; New Hope LLC is a Mississippi corporation, with its principal
place of business in Meridian, Mississippi, and its three members are Jia Liu,
Roshanda Lankford, and Bailing Wang, residents of Georgia, Mississippi, and
Georgia respectively.[2] (Doc.  1-2). Defendants further contend that Defendant
Beaugez was a resident of Mississippi at the time the lawsuit was filed in October

---

[2] Defendants later clarified that Liu, Lankford, and Wang are citizens of Georgia, Mississippi, and
Georgia respectively. (Doc. 18-1 at 3)

2017 and that she had an intent to remain there at that time. (Doc. 1 at 3).

With respect to the amount in controversy, Defendants contend that on May 24, 2018, in response to Helping Hands' interrogatories, Shipley claimed to be housebound for most of the time since her injury on September 8, 2016, and that she now requires the use of a cane and has slept in a recliner for over two to three years. She also indicated that she had to have another surgery in January 2018 and that she had filed a claim for disability due to the injuries she sustained as a result of Beaugez's actions. (Doc. 1-1 at 151, Plaintiff's Interrogatory Responses, Nos. 10, 11, and 14).

Defendants assert that subsequent thereto, Helping Hands issued Requests for Admissions to Shipley requesting that she admit or deny that that her damages exceed $75,000 and that she would accept more than $75,000.(Doc. 1, Doc. 1-1 at 161-62). Shipley responded that she was unable to admit or deny the admission requests, and in response thereto, Defendants requested that she amend her discovery responses. (*Id*.). When Shipley refused to do so, Helping Hands filed a motion to compel in state court and requested an order directing Shipley to supplement her responses by October 1, 2018. (*Id*.at 6). The state court scheduled the matter for a hearing on November 5, 2018, which was more than one year after Shipley had filed her complaint in state court. Defendants requested that the hearing date be moved up, but Shipley refused. (*Id*.at 10).

Defendants contend that this case became removable on October 1, 2018, when Shipley refused to respond to Defendants' requests regarding damages with

full knowledge that the one-year limitation for removal was approaching. (Doc. 1-1 at 10). Defendants further assert that Plaintiff's refusal to limit her damages and refusal to agree to moving up the hearing date for the summary judgment motion shows an intent to dodge jurisdictional inquiries in an effort to defeat removal jurisdiction. (*Id*.). According to Defendants, those refusals, coupled with the injuries claimed and damages sought in Shipley's complaint and interrogatory responses provided Defendants with the evidence necessary to ascertain that Plaintiff was seeking more than $75,000 and unambiguously establishes that the amount in controversy exceeds $75,000. Defendants thus argue that the case was timely removed. (*Id*.)

Shipley filed her motion to remand on November 8, 2018. (Doc. 10). In her motion to remand, Shipley argues that a record from the Alabama Secretary of State clearly shows that Helping Hands Therapy is an Alabama limited liability company incorporated in Alabama; thus, there is no diversity jurisdiction. (Doc. 10 at 4). Shipley further asserts that even if Helping Hands Therapy is a trade name for a Mississippi business, at the time the lawsuit was filed, its principal place of business was Alabama under the "nerve center test" given that all three of its clinics are located in Alabama. (*Id*. at 5). Shipley contends that Meridian, Mississippi cannot possibly be Helping Hands' "nerve center" because there is no corporate activity occurring there, as all of its clinics are located in Alabama. (*Id*.)

With respect to the amount in controversy, Shipley asserts that she "does not intend to waive an argument that the amount in controversy is less than $75,000"

and "that the issue is moot without complete diversity." (*Id*. at 7). Plaintiff also contends that contrary to Defendants' assertion, she refused to move up the hearing date in state court because the motion to compel was "obviously frivolous," and Defendants' only goal was to try to establish diversity jurisdiction. (*Id*. at 8).

In Defendant Beaugez's response in opposition to Shipley's motion to remand (Doc. 16), Beaugez asserts that the sole basis for Shipley's motion is her contention that Helping Hands is a citizen of Alabama.  Beaugez notes that Shipley made no argument contesting the amount in controversy and offered no evidence to rebut Helping Hands' showing that the amount in controversy is satisfied. (*Id*.).

Defendant Helping Hands also filed a response in opposition to Shipley's motion.  (Doc.  14).  Helping Hands argues that Shipley's motion actually bolsters Defendants' contention that the amount in controversy exceeds $75,000. (Doc. 18). According to Helping Hands, Shipley has indicated that she is seeking compensatory and punitive damages for significant physical harm, increased medical costs, pain, suffering and other damages, that she  cannot walk  properly and is in constant pain and that she takes pain medication daily and uses a wheelchair and riding buggy at places such as the grocery store. Helping Hands asserts that such evidence is sufficient to establish that the amount in controversy exceeds $75,000. (*Id*. at 7).

With respect to diversity, Helping Hands contends that contrary to Shipley's assertions, for diversity purposes, a limited liability company, unlike a corporation, is a citizen of any state of which a member of the company is a citizen, and it

matters not where the company was formed or has its  principal place of business. (*Id.*at 6).  Helping Hands further contends that the uncontroverted evidence establishes that Helping Hands Therapy, LLC was not formed until March 2018 and that the allegations in Plaintiff's complaint relate to services provided at a clinic operated by New Hope, LLC, which was doing business under the trade name Helping Hands Therapy. (*Id.* at 5). Additionally, Defendant asserts that at the time this lawsuit was filed, and at the time of removal, New Hope, LLC d/b/a Helping Hands Therapy, had three members, namely Jia Liu, Roshanda Lankford,  and Bailey Wang, who were citizens of Georgia,  Mississippi, and Georgia respectively. (*Id.* at 6).  Helping Hands also asserts that it has demonstrated, and Shipley has not contested, that she is a citizen of Alabama, and Sarah Beaugez is a citizen of Mississippi.   Thus, diversity of citizenship has been established. (Id.).

On December 4, 2018, Shipley filed her reply to Defendants' response in opposition to her motion to remand. (Doc. 21). In her reply, Shipley argues that the removal was untimely. (*Id.*at 1).  According to Shipley, while Defendants contend that they did not know that the amount in controversy exceeded $75,000 until October 1, 2008, her factual allegations did not change between the filing of her complaint on October 11, 2017, and October 1, 2018, the date Defendants contend they were on notice that the amount in controversy exceeds $75,000. (*Id.* at 2). Shipley also asserts that assuming that Helping Hands is a citizen of Mississippi and Georgia, diversity jurisdiction is still lacking because Defendant Beaugez is a citizen of Alabama notwithstanding her representations to the Court.  Shipley avers

that Beaugez has an Alabama driver's license, appears to own a car with a current Alabama registration, is registered to vote and has voted in Alabama, and in July 2017 and July 2018, she received two traffic tickets in Alabama, and both tickets reflect an Alabama home address. (*Id*. at 3-4).

Defendant Beaugez filed a response in opposition to Plaintiff's response. (Doc. 31). In her response, Beaugez argues that the removal was timely and that at the time the lawsuit was filed in October 2017, she physically resided in Mississippi and had the intent to remain there. (*Id*.) Helping Hands also filed a response to Shipley's reply (Doc. 30). Helping Hands argues that the removal was timely and that Beaugez was a citizen of Mississippi at the time the Complaint was filed. (Doc. 30). Following the evidentiary hearing on March 6, 2019, the parties filed supplemental briefs, at the Court's directive, on the issue of whether the removal was timely filed. (Docs. 37, 38). Shipley asserts that Defendants' removal was untimely, while Defendants allege that the removal was timely filed and that Shipley waived the timeliness issue by not raising it in her motion to remand. On June 19, 2019, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's motion be denied. (Doc. 41). Plaintiff filed the instant objection on July 2, 2019. (Doc. 42).

STANDARD OF REVIEW

A removing defendant has the burden of proving proper federal jurisdiction. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008);

*Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citation and internal brackets omitted); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (noting that "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction."). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (citation and internal brackets omitted).

"Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) (quoting *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)). Courts may use judicial experience and common sense to determine

whether the case stated in the complaint meets the requirements for federal jurisdiction. *Id*. Reliance on "speculation" is "impermissible." *Id*. (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010)).

DISCUSSION

Plaintiff objects to the Report and Recommendation ("R&R") of the Magistrate Judge on multiple grounds.  The undersigned has reviewed each of those grounds and finds them to be unconvincing, save for one:  the issue of whether Plaintiff timely raised the untimeliness of Defendants'[3] Notice of Removal.[4]  On that issue, the Magistrate Judge found that Plaintiff had waived her argument that Defendants' removal was untimely because she failed to raise the same in her initial motion to remand, and instead, only raised the issue in her reply to Defendants' opposition to her motion to remand.[5]  In so finding, the Magistrate Judge discussed that courts are split over the issue of whether the timely filing of a motion to remand alleging a procedural defect is sufficient to preserve another procedural objection under §1447(c).  (Doc. 41 at 19).  After considering the relevant

_____

[3] The Notice of Removal was filed by Helping Hands with Defendant Beaugez filing a Notice of Joinder the same day.  (Docs. 1 and 3).  However, because both Defendants oppose the motion to remand and have presented overlapping positions as to the same, the undersigned will simply refer to them collectively as "Defendants".

[4] Of note, Plaintiff's Objection correctly states that the citizenship of Beaugez should have been analyzed based on the date of removal, not based on the date of the filing of the Complaint.  (Doc. 42 at 13-15).  Nevertheless, the undersigns finds that the result would be the same if Beaugez's citizenship were determined based on the date of the removal. As such, no further discussion of Beaugez's citizenship is warranted.

[5] There is no dispute that Plaintiff did not raise timeliness until December 4, 2018, more than thirty days after Defendants filed a notice of removal.

decisions on the issue from the Ninth and Fifth Circuits, the Magistrate Judge found the reasoning of the Ninth Circuit to be applicable.  Specifically, the decision of the Ninth Circuit in *Northern California Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995), wherein the court held that where the plaintiff's remand motion was filed within thirty days, but no defect in the removal procedure was ever raised until a reply brief filed more the thirty days after the removal petition, the plaintiff had waived any procedural objections.  (Doc. 41 at 19-20).  The R&R also recognized that several courts within this circuit have followed the reasoning of the Ninth Circuit.  (*See* Doc. 41 at 22) (citing *Clark v. USAA Cas. Ins. Co.*, 2015 WL 7272305, *2 (M.D. Fla. Nov. 18, 2015); *Robinson v. Affirmative Ins. Holdings, Inc.*, 2013 WL 838285, *2 (N.D. Ala. March 1, 2013); *accord Harris v. JLG Indus.*, 2016 WL 325132, (S.D. Ala. Jan. 27, 2016)[6].

## A.    WAIVER

In her Objection, Plaintiff urges this Court not to follow the Ninth Circuit's decision in *Pittsburgh-Des Moines Steel*, relied on by the Magistrate Judge and instead, to adopt the reasoning of the Fifth Circuit in *BEPCO, L.P. v. Santa Fe Minerlas, Inc.*, 675 F.3d 466 (5th Cir 2012).  In support of her position, Plaintiff points to dicta from a not-on-point Eleventh Circuit decision in *Velchez v. Carnival Corp.*, 331 F.3d 1207, (11th Cir. 2003), which she asserts parallels the Fifth Circuit's

---

[6] The undersigned recognizes that the R&R in *Harris*, which was adopted by this Court, contained an analysis as to waiver that is almost identical to the analysis in the R&R in this action.  However, in that action, as in this one, before the filing of Plaintiff's objection, the Court was not presented with the argument Plaintiff has now presented based on *Velchez*, which the undersigned finds compelling.

reasoning in *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280 (5th Cir. 2004), and led to *BEPCO*.  (Doc. 42 at 2-9)

In *Velchez*, a plaintiff sought remand of his action against Carnival Cruise Line for failure of Carnival to attach a copy of all process, pleadings, and orders served, to the removal as required by § 1446(a).  *Velchez*, 331 F.3d at 1208-09.  The case was remanded, not for failure to attach the requisite documents, but for untimeliness.  *Id.* Carnival sought to appeal the remand order despite the fact that a remand order is unreviewable by claiming that the district court went outside of its authority because it granted remand on a procedural defect not raised by Plaintiff, i.e. timeliness.  *Id.* at 1209-10.  Thus, Carnival urged that the remand was ordered *sua sponte* and should be reviewable because it was improper.  *Id.* The Eleventh Circuit denied the appeal after determining that the remand order was not *sua sponte* because the Plaintiff had timely filed a motion to remand which made known the plaintiff's lack of desire to acquiesce to federal forum.  *Id.*

Similar to the Eleventh Circuit's conclusion in *Velchez*, in *Schexnayder*, the Fifth Circuit held that a Court could remand an action based on a procedural defect not raised by a Plaintiff in a timely motion to remand.  Later, in *BEPCO*, the Fifth Circuit rejected "any suggestion that the timing of the presentation of a removal defect -- rather than the submission of the remand motion -- is what matters for a timeliness analysis under § 1447(c)." *Id.* at 471. As such, in *BEPCO*, the court found that a motion to remand could be granted based on a procedural defect that was raised by a plaintiff, even if that defect was not raised in the initial timely motion to

remand.  *Id.*  As a result, Plaintiff contends that the Eleventh Circuit's decision in *Velchez* supports the ultimate conclusion reached by the Fifth Circuit in *BEPCO*, i.e. that a plaintiff does not waive a procedural defect by failing to raise that issue in her initial timely motion to remand.

Plaintiff additionally argues that following the Ninth Circuit's position on waiver, i.e. that a procedural defect not raised in an otherwise timely motion to remand is waived, while simultaneously following the rationale of the Eleventh Circuit in *Velchez* would create a rule "stating that a timeliness argument is waived if first asserted more than thirty (30) days after removal but is not waived if never asserted." (Doc. 42 at 4).  Plaintiff goes on to cite other decisions within this circuit that have granted remand based on a procedural defect that was not raised by a plaintiff in her initial motion to remand.  *See LaTasha Card v. Safeco Ins. Co. of Illinois*, 2016 WL 9114002, *1 (N.D. Fla. Feb. 1, 2016); *Deweese v. Doran*, 2015 WL 5772156. At *1 (M.D. Fla. September 30, 2015); *Axis Underwriters, Inc. v. Arch Specialty Ins. Co.*, *Axis Underwriters, Inc. v. Arch Specialty Ins. Co.*, 2008 WL 11406185 (S.D. Fla. Feb. 28, 2008) (S.D. Fla. Feb. 28, 2008).

This Court finds Plaintiff's arguments compelling and agrees that the rationale behind *Velchez* can logically be read to support the position that a Plaintiff does not waive a procedural defect by failing to raise that issue in an otherwise timely motion to remand.  Certainly, if the Eleventh Circuit found the district court in *Velchez* to be within the confines of its statutory power when it remanded an action on grounds that were not raised by Plaintiff at all because such a remand

was not *sua sponte*, then the same rationale would support that a case could be remanded when a Plaintiff timely filed a motion to remand, even if the motion did not raise the issue on which a plaintiff later argues remand is warranted. Accordingly, the undersigned finds that the rationale of *Velchez* and the reasoning of the Fifth Circuit and the courts within this circuit that have followed *Velchez* and *BEPCO*, to be persuasive. Such a conclusion, however, only incites the question of whether or not Defendants timely removed this action, an issue not addressed by the Report and Recommendation.

### B.   TIMELINESS

Plaintiff is adamant that Defendants removal was untimely because absolutely nothing changed between the date on which Plaintiff filed her Complaint, and October 1, 2018, the date on which Defendants contend this case became removeable by "other paper" pursuant to 1446(b).  (Doc. 21 at 2; Doc. 37 and 42, generally).  Plaintiff alternatively argues that even if the amount in controversy was not facially apparent from the Complaint, the case became removable on May 24, 2018, the date on which Plaintiff responded to Defendant's Interrogatories and Request for Production, or, at the very latest, on August 31, 2018, when Plaintiff responded to Defendants' Requests for Admissions. (Doc. 42).

28 U.S.C. § 1446(b) makes removal proper in two instances. In the first instance, which is delineated in section 1446(b)(1) (formerly referred to as "first paragraph removal"), the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based." *Robinson*, at *2. In the second instance, a case may be removed under section 1446(b)(3) (formerly referred to as "second paragraph removal") if the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

28 U.S.C. § 1446(b)(3) imposes the following thirty-day limitation on the removal of diversity cases:

> (3) […] [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b)(3). Pursuant to § 1446(b)(3), the renewed removal window opens, but only for thirty days, when the defendant receives a document "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (second paragraph). The Fifth Circuit has explained that "[a]scertain" means "to make certain, exact, or precise" or "to find out or learn with certainty." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (footnotes omitted). The "receipt from the plaintiff" rule in the second paragraph of § 1446(b), applies if "the case stated by the initial pleading is not removable" but the case "has become removable" due to changed circumstances. *See* 28 U.S.C. § 1446(b) (second paragraph). The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one. *See Insinga v. LaBella*, 845

F.2d 249, 252 (11th Cir. 1988) (explaining the judicially created "voluntary-involuntary" rule that applies in diversity cases); *see also Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). As such, removal under § 1446(b) requires three elements, "there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order) and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery v. Alabama Power Company*, 483 F.3d at 1213 n.63 (11th Cir. 2007).  "Thus, a defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 761 (11th Cir. 2010).

### 1.   The Complaint

Plaintiff first asserts that Defendants' removal is untimely pursuant to §1446(b)(1) because it was filed more than thirty days after the service of the initial Complaint.  This Court finds Plaintiff's assertion to be disingenuous.  As repeatedly pointed out by Defendants, Plaintiff's Complaint made no mention of the amount of claimed damages that Plaintiff sought and only broadly described Plaintiff's injuries and damages, which may or may not have stated a viable claim for punitive damages.  (Doc. 1-1 at 3-5).  Specifically, Plaintiff alleged only that she had a previous knee surgery that was allegedly ruined which caused her to be unable to walk for two weeks, caused daily pain for which she took medications, and required her to use a wheel chair or electronic cart when shopping.  *Id*.  It is further

undisputed that at the time the Complaint was filed, Defendants were unaware of any actual damages incurred by Plaintiff.  As a result, at the time of the filing of the Complaint, it was not facially apparent that the jurisdictional requirement for removal was satisfied.  Furthermore, notwithstanding the lack of information available to Defendants as of the time of the filing of the Complaint, this Court also now has the benefit of hindsight.  The fact that Plaintiff – after filing her Complaint which she now contends was facially obvious as to the amount in controversy – still failed to provide information as to her actual and potential damages to Defendants in response to discovery and has now argued on multiple occasions that she was unable to clearly determine the value of her case in August 2018, is telling. Plaintiff cannot have it both ways.  Either Plaintiff provided Defendants with the information from which they could ascertain the amount of damages in the Complaint or at the time of filing the Complaint, and for months thereafter, Plaintiff herself could not determine such information.  To find otherwise is not reasonable.  In fact, this double-edged position is additionally highlighted by Plaintiff's continued insistence, even in her objection to the Report and Recommendation, that the amount in controversy has not been established.  (*See* Doc. 42 at 13)("Despite the Magistrate Court's finding that Ms. Shipley's claims meet the $75,000 threshold by a preponderance of the evidence [citation omitted], Ms. Shipley has never asserted an amount in controversy in any of her pleadings, responses to interrogatories, or answers to requests for admission [...as] more discovery is needed to give an unequivocal response to the question of amount in

controversy.") Plaintiff would have this Court find that Defendants acted untimely in removing this case based on the Compliant, while at the same time allowing Plaintiff to dodge the amount in controversy question to serve as a basis of her remand.  This Court is not inclined to oblige.

### 2.    Plaintiff's Written Discovery Responses

Plaintiff next argues that the amount in controversy became ascertainable pursuant to §1446(b)(3) on May 24, 2018, the date on which she responded to Defendants' Interrogatories and Request for Production.  (Doc. 42 at 10).  However, Plaintiff offers nothing to suggest that she provided Defendants with information or documentation on that date by which her damages could be ascertained.  Rather, Plaintiff's discovery responses only echoed the allegations of her Complaint but for the update that she had undergone a second surgery (the first attributed to this action).  Moreover, Defendants have pointed out that according to Plaintiff's discovery responses, she had total medical bills of $373.30.  (Doc. 38 at 1).  Even considering the general allegations relating to damages asserted by Plaintiff at that time, there lacked clear and convincing evidence that the monetary requirement for removal had been met. Accordingly, this Court is not satisfied that Defendants' time to remove this action began to run when Plaintiff responded to written discovery on May 24, 2018.

### 3.    Plaintiff's Responses to Requests for Admission

Finally, Plaintiff asserts "even if this Court agrees that the case was not removable until Plaintiff responded to Helping Hands' Request for Admissions on

August 31,2018, stating that she was unable to admit or deny that the amount in controversy exceeded $75,000, Helping Hands still waited 42 days to remove.  (Doc. 42 at 10). [7]  In response to Defendants' Requests for Admissions, Plaintiff provided the following answers to Defendants:

> RFA No. 1: Admit or deny that you will never seek to recover more than $75,000.00, exclusive of interest and costs.
>
> RESPONSE: The Plaintiff is unable to admit or deny this request at this time.
>
> RFA No. 2: Admit or deny that you will never accept any award greater than $75,000.00, exclusive of interest and costs.
> RESPONSE: The Plaintiff is unable to admit or deny this request at this time.
>
> RFA No. 3: Admit or deny that the total damages in this case do not exceed $75,000.00, exclusive of interest and costs.
>
> RESPONSE: The Plaintiff is unable to admit or deny this request at this time.

---

[7] Plaintiff simultaneously argues that this Court should not allow her responses to the RFA to essentially result in an admission of the requests, thereby satisfying the jurisdictional requirement.  However, this Court does not find that Plaintiff's responses to the RFA *independently* established the amount in controversy.  *See Jackson v. Litton Loan Servicing, LP, 2010* WL 3168117, *5 (M.D. Ala. August 10, 2010) "([A] refusal to stipulate to an amount in controversy in response to an interrogatory does not result in an admission regarding the amount in controversy.*") citing to Harmon v. Wal–Mart Stores, Inc.*, 2009 WL 707403 at *4 (M.D. Ala. 2009) ("Defendant cannot create an end-run around the jurisdictional requirements by forcing a denial of a negative and then claim the positive is admitted and conclusively determined.").  Rather, this Court finds that that Plaintiff's refusal to limit her damages in response to the RFA was "other paper" which triggered the time to remove and that her refusal coupled with the other factors discussed herein above in her notice of removal satisfied the jurisdictional requirement by clear and convincing evidence.

(Doc. 1-1 at 162; Doc. 30 at 7-8). It is undisputed that upon receipt of the above responses, Plaintiff was promptly asked by Defendants to supplement the same within seven days or on or before September 11, 2018.  (Doc. 38 at 2).  Plaintiff failed to do so.  As a result, Defendants filed a motion to compel. (*Id*.).  The state court set the motion for a hearing on November 5, 2018, a date beyond the one-year time limit to remove this civil action pursuant to 28 U.S.C §1446(c)(1).[8]  Defendants then sought Plaintiff's approval to move the hearing to a date prior to the expiration of the one-year removal deadline and Plaintiff refused.  Accordingly, Defendants argue that Plaintiff's refusal on October 1, 2018, to supplement her responses to Defendants RFA, was the event that triggered the thirty-day removal timeline. (Doc. 1 at 7; Doc. 38).  As a result, they argue their removal on October 11, 2018, was timely.

For the reasons set forth in the Magistrate Judge's R&R, this Court finds that Defendants' notice of removal satisfied the amount in controversy requirement based on Plaintiff's Complaint, her responses to Defendants' written discovery and her responses to the RFA.  The pertinent question, then, is on what date did the relevant facts become ascertainable to Defendants by means of "other paper" pursuant to § 1446(b).  In *Lowery*, the Eleventh Circuit listed "numerous types of documents [that] have been held to qualify.  They include: responses to requests for

---

[8] "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C §1446(c)(1)

admissions, settlement offers, interrogatory responses, deposition testimony,

demand letters, and email estimating damages. *Lowry*, F.3d at 1212 n. 62. (internal

citations omitted).

According to Defendants, the "other paper" provision of §1446(b) is satisfied

by the state court's order of September 18, 2018, setting the motion to compel for a

hearing.  (Doc. 38 at FN 2).  However, the order of the state court setting the motion

to compel, does nothing in the way of allowing Defendants to ascertain Plaintiff's

damages.  In fact, Defendants' action in removing when they did (prior to

supplementation, a hearing, or an Order on the motion to compel), suggests that it

was the answers to the RFA which actually prompted support for the removal, not

the order setting the motion to compel for a hearing. In this action, the record does

not contain any paper document created by Plaintiff and provided to Defendants on

October 1, 2018 which would trigger the thirty-day time to remove this action.

Specifically, Plaintiff's refusal to supplement her answers to the RFA on October 1,

2018, is not "other paper" and did not provide Defendants with any additional

information than they had on August 31, 2018, when Plaintiff answered the RFA

stating she was without sufficient information so as to answer.  The motion to

compel, created by Defendants, likewise, cannot constitute "other paper".  Finally,

Plaintiff's refusal to consent to rescheduling the hearing on the motion to compel

does not qualify as "other paper".  As a result, this Court is left with a situation in

which Plaintiff has been less than forthcoming about her damages pre-removal,

while arguing post-removal that the damages threshold had clearly been met since

the Complaint was filed.  Reason suggests that to remand this action would be unfair.[9] However, timeliness under § 1446(b) hinges on the date in which defendant received "other paper" from which it could ascertain the case had become removable.  *See* § 1446(b).  Considering the totality of circumstances, as set forth in the notice of removal, this action became removable on August 31, 2018.  On that date, Defendants were aware of Plaintiff's assertions in her Complaint, coupled with her discovery responses, including her assertion that she underwent a second surgery, and finally, (and importantly), her responses to the RFA, in which she refused to limit her damages.  These are the same set of facts on which the Magistrate Judge concluded the jurisdictional monetary requirement was apparent.[10] As a result, despite this Court condemning Plaintiff's actions, the time for removal commenced on August 31, 2018, and closed on September 30, 2018.  As such, Defendants' removal on October 11, 2018 was untimely.

## CONCLUSION

For the reasons stated hereon above, Plaintiff's Motion to Remand is

---

[9] This Court appreciates Defendants' argument that Plaintiff's conduct warrants a denial of her motion to remand. (Doc. 38 at 6-8).  However, those cases cited by Defendant in which remand was denied, do not establish that the *conduct* warranted remand, rather than whether the underlying jurisdictional requirements were met despite a plaintiff's conduct.  *See Logsdon v. Duron, Inc.*, 2005 WL 1163095, (M.D. Fla. May 17, 2005); *see also Nowlin v. National Linen Svcs.*, 1997 WL 715035 (N.D. Fla. Oct. 7, 1997).  Similarly, this Court does not find that Plaintiff's conduct warrants a denial of Plaintiff's Motion to Remand.
[10] This Court is not of the opinion that any one of these events, when considered separately, would have been sufficient evidence to support removal.  Rather, removal was ascertainable only when these events were considered together, which became possible on the date of the latest action by Plaintiff, August 31, 2018.

**GRANTED** and this action is **REMANDED** to the Circuit Court of Hale County, Alabama.

     **DONE** and **ORDERED** this 26th day of August, 2019.

               /s/ Callie V. S. Granade
               SENIOR UNITED STATES DISTRICT JUDGE